UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| INOMEDIC/INNOVATIVE HEALTH APPLICATIONS, LLC,<br><br>  Petitioner,<br><br>v.<br><br>NONINVASIVE MEDICAL TECHNOLOGIES, INC.,<br><br>  Respondent. | Case No. 2:14-cv-01035-RFB-VCF<br><br>**<u>ORDER</u>** |

### I. INTRODUCTION

This matter comes before the Court on two motions filed by Petitioner Inomedic/Innovative Health Applications (IHA): Amended Petition to Confirm Arbitration Award, ECF No. 20, and Motion for Judgment on the Pleadings, ECF No. 23. For the reasons discussed below, the Court confirms the arbitration award and grants IHA's motion for judgment on the pleadings.

### II. BACKGROUND

IHA and Noninvasive Medical Technologies, Inc. (NMT) participated in arbitration proceedings conducted by Arbitrator Jay Young. See ECF No. 20, Ex. D and E. Under the Commercial Rules of the American Arbitration Association, Young awarded IHA $159,138.06 on June 2, 2014. ECF No. 20, Ex E.

IHA petitioned to confirm the arbitration award on June 24, 2014. ECF No. 1. NMT subsequently moved to dismiss the petition for lack of jurisdiction on July 14, 2014. ECF No. 3.

1. After successfully moving to amend the petition to confirm the award, IHA filed an amended petition on October 27, 2014. ECF No. 20. NMT answered the amended petition on November 10, 2014. ECF No. 22. IHA then moved for judgment on the pleadings on November 25, 2014. ECF No. 23. NMT responded to the motion, arguing judgment on the pleadings would be procedurally improper. ECF No. 24. Rather, NMT argues the court should determine whether to confirm the arbitration award on NMT's "forthcoming motion to vacate." Id. IHA replied and argued that NMT's answer should be treated as a motion to vacate because it explicitly requests the Court to set aside the award. ECF No. 25. It also argued that NMT can no longer file a motion to vacate, because the Federal Arbitration Act requires that a motion to vacate an arbitration award be filed within three months of the award's issuance. Id. Accordingly, NMT's "forthcoming motion to vacate" would be untimely. Id. NMT has yet to file its "forthcoming motion to vacate."

### III. DISCUSSION

The Court first considers IHA's petition to confirm the arbitration award and then IHA's motion for judgment on the pleadings.

#### A. Confirmation of An Arbitration Award

##### 1. Legal Standard

The Federal Arbitration Act (FAA) permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. § 9. A court must confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." Kyocera, 341 F.3d at 997 (internal quotation marks omitted).

A party moving to vacate an award must show that (1) the award was procured by corruption, fraud, or undue means; (2) the existence of evident partiality or corruption in the arbitrators; (3) any party was prejudiced by the arbitrator's misconduct; or (4) the arbitrators exceeded their powers. U.S. Life Ins. Co. v. Superior Nat. Ins. Co., 591 F.3d 1167, 1173 (9th Cir.

2010) (citing 9 U.S.C. § 10(a)). The grounds for vacatur of arbitration awards "afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." Kyocera, 341 F.3d at 998 (9th Cir. 2003).

The party moving to vacate the award must serve notice to the opposing party of its intent to do so within three months after the award is filed or delivered. 9 U.S.C. § 12. Failure to move to vacate bars all defenses to arbitration awards. Sheet Metal Workers Int'l Assn., Local v. Standard Sheet Metal, Inc., 699 F.2d 481, 483 (9th Cir. 1983) ("Although this circuit has not ruled that failure to move to vacate bars all defenses to arbitration awards, other circuits have so held . . . We accept the rule in the Third and Seventh Circuits and hold that the statute of limitations bars Standard's defenses.").

**2. Discussion**

In this matter, Arbitrator Young issued the arbitration award to IHA on June 2, 2014, which IHA moved to confirm. ECF No. 20, Ex. E. This Court must confirm the arbitration award unless it is vacated, modified, or corrected. Moreover, over two years have passed since Young issued the award. This Court, therefore, may not consider the "forthcoming motion to vacate" promised in NMT's papers, because the three-month period in which NMT needed to serve notice of its intent to do so expired. The Ninth Circuit has held that failure to move to vacate bars all defenses to arbitration awards. Sheet Metal Workers Int'l Assn., Local, 699 F.2d at 483. Nonetheless, even if the defenses here could be considered, they would not be grounds to vacate.

The Court finds no grounds on which to vacate, modify, or correct the arbitration award. While Respondents allege in their Answer to Amended Petition (ECF No. 22) several affirmative defenses, such as the arbitrator's decision exceeding the scope of its authority, Respondents have failed to provide any evidence or allege any facts in support of their affirmative defenses in their responsive motions. The arbitration decision itself does not indicate "evident partiality or corruption;" does not show misconduct or prejudice because of misconduct; and does not show that Young exceeded his powers.

1    Therefore, given the Court's "extremely limited review authority" of arbitration awards, and the lack of any evidence to suggest that vacatur, modification, or correction of the award is appropriate in this case, the Court grants Petitioner's Amended Petition to Confirm Arbitration Award (ECF No. 20).

### B. Judgment on the Pleadings

IHA's "Motion for Judgment on the Pleadings Confirming Arbitration Award and Denying Respondent's Request to Vacate the Award," amounts to a second petition to confirm the arbitration award, pled with reference to the Federal Rules of Civil Procedure in addition to the Federal Arbitration Act. IHA argues the court must confirm the award on two bases. First, IHA argues NMT's answer qualifies as a motion to vacate the award. ECF No. 23. Therefore, under Local Rule 7-2, NMT needed to include points and authorities supporting its request to set aside the award. Id. Second, IHA argues the award must be confirmed under the Federal Arbitration Act because the limited circumstances in which an award may be vacated do not exist. NMT argues that federal law dictates that a Motion for Judgment on the Pleadings is not the appropriate vehicle for deciding whether or not an arbitration award should be vacated, and that the Court must wait to consider the forthcoming motion to vacate.

The standard for assessing a motion for judgment on the pleadings under 12(c) is the same as the standard for a 12(b)(6) motion to dismiss. Enron Oil & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997). "A judgment on the pleadings is a decision on the merits, and we review it de novo. Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (internal quotations and citations omitted)

As the Court finds that NMT was barred from asserting defenses to the arbitration award, and is barred from filing any motion to vacate—and did not file the "forthcoming" motion in the more than three months from when it stated its intent to do so to when the Court entered its

judgment on these Motions—and as NMT has presented no facts and made no non-conclusory arguments as to why the award should be vacated under the "extremely limited review" afforded by the Federal Arbitration Act, the arbitration award must be confirmed as a matter of law. Therefore, the Court grants the Motion for Judgment on the Pleadings Confirming Arbitration Award and Denying Respondent's Request to Vacate the Award.

### IV.     CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Petitioner Inomedic/Innovative Health Applications' Motion for Judgment on the Pleadings, ECF No. 23, is GRANTED.

**IT IS FURTHER ORDERED** that the Petition to Confirm the Arbitration Award, ECF No. 1, is GRANTED.

**DATED**: October 11, 2016.

**RICHARD F. BOULWARE, II**
**United States District Judge**