GARRY L. HAYES, ESQ.
Nevada State Bar No. 1540
LARSON A. WELSH, ESQ.
Nevada State Bar No. 12517
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax: 702-434-3739
Lwelsh@lvlaw.com; L.Finchio@nevlaw.com
*Attorneys for Petitioner, INOMEDIC/INNOVATIAVE HEALTH APPLICATIONS, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INOMEDIC/INNOVATIVE HEALTH APPLICATIONS, LLC,<br><br>Petitioner,<br><br>v.<br><br>NONINVASIVE MEDICAL TECHNOLOGIES, INC.,<br><br>Respondent. | Case No.: 2:14-cv-01035-RFB-VCF |

**MOTION FOR ORDER TO SHOW CAUSE WHY NONINVASIVE MEDICAL TECHNOLOGIES, INC. SHOULD NOT BE HELD IN CONTEMPT**

Petitioner and Judgment Creditor, Inomedic/Innovative Health Applications, LLC, through its attorneys of record, the Law Office of Hayes & Welsh, hereby files this Motion for Order to Show Cause why Respondent and Judgment Debtor, Noninvasive Medical Technologies, Inc., should not be held in contempt of court, and for sanctions.

…

…

…

…

…

This Motion is made and based upon the papers and pleadings on file herein, the exhibits attached hereto and the Memorandum of Points and Authorities contained herein.

DATED this 25th day of April, 2017.

LAW OFFICE OF HAYES & WELSH

*/s/Larson A. Welsh*
LARSON A. WELSH, ESQ.
Nevada State Bar No. 12517
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
*Attorneys for Petitioner*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS.

On June 24, 2014, Petitioner Inomedic/Innovative Health Applications, LLC (hereinafter "IHA") initiated the present action by filing a petition to confirm arbitration award against Noninvasive Medical Technologies, Inc. (hereinafter "NMT"). ECF No. 1. On November 25, 2014, IHA filed a motion for judgment on the pleadings. ECF No. 23. On October 11, 2016, this Court entered an order granting Petitioner's Motion for Judgment on the Pleadings (ECF No. 23) and Petition to Confirm Arbitration Award (ECF No. 1). ECF No. 32. IHA holds a valid and enforceable judgment against NMT for $159,138.06. *Id*.

On February 7, 2017, IHA filed a Motion for a Judgment Debtor Exam. ECF No. 36. The Court granted IHA's request to examine NMT and set the date of the examination for April 7, 2017 at 10:00 a.m. ECF No. 39. Shortly after the Order was entered, NMT approached IHA, through counsel, and sought to come to an agreement whereby NMT could avoid appearing for the judgment debtor's examination. On March 6, 2017, after substantial negotiations, IHA and NMT entered into a forbearance agreement (hereinafter the "Agreement"). *See* attached **Exhibit 1**. Pursuant to the Agreement, NMT was required to remit a payment to IHA by March 14, 2017. *Id*. at p. 2, §2.2(a)(i). IHA did not receive the payment by March 14, 2017. At NMT's request, however, the Agreement contained a single 14-day grace period for NMT to remit payment. *Id*. at p. 3, §2.2(c). NMT also failed to send

the initial payment within the 14-day grace period. As of the filing of this Motion, IHA has not received any payments from NMT. NMT's failure to make payments due under the Agreement constitutes an Event of Default. *Id*. at p. 3, §2.2(b).

Pursuant to the Agreement, the Judgment Debtor Examination, which was initially set for April 7, 2017, was continued until April 10, 2017. *Id*. at pp. 3-4, §2.3. NMT was required to appear for the judgment debtor examination because NMT failed to remit the first payment due under the Agreement. *Id*.; *see also* p. 1, §1.3 (NMT agreed to voluntarily appear); *see also* ECF No. 39. NMT did not appear for the examination.

In sum, NMT failed to remit the payments required under the Agreement, failed to appear for the judgment debtor's examination and failed to provide any potential dates to reschedule the examination.

## II. LEGAL ARGUMENT

FRCP 69(a)(1), provides that the procedure for executing upon a judgment "must accord with the procedure of the state where the court is located…" Under Nevada law, a plaintiff is entitled to a complete examination of Defendant. NRS 21.270 provides that a judgment creditor is entitled to an order from the court requiring a judgment debtor to appear and answer questions under oath concerning his property.

In accordance with its rights as a judgment creditor, IHA requested and received an Order from the Court requiring NMT to attend a judgment debtor's examination and to produce documents related to their assets. NMT failed to attend the judgment debtor's examination in contravention to this Court's Order and a signed agreement between the parties. *See* ECF No. 39 and Ex. 1 at §§1.3 and 2.3. Accordingly, NMT should be held in contempt of court. *See* NRS 22.010(3) (contempt is the disobedience or resistance to any lawful order issued by a court).

NRS 21.340 states, "[i]f any person, party or witness disobeys an order of the master, properly made in the proceedings before him under this chapter, he may be punished by the court or judge ordering the reference, for a contempt."

…

NRS 22.100 states:

1. Upon the answer and evidence taken, the court or judge or jury, as the case may be, shall determine whether the person proceeded against is guilty of the contempt charged.

2. Except as otherwise provided in NRS 22.110, if a person is found guilty of contempt, a fine may be imposed on him not exceeding $500 or he may be imprisoned not exceeding 25 days, or both.

3. In addition to the penalties provided in subsection 2, if a person is found guilty of contempt pursuant to subsection 3 of NRS 22.010, the court may require the person to pay to the party seeking to enforce the writ, order, rule or process the reasonable expenses, including, without limitation, attorney's fees, incurred by the party as a result of the contempt.

Federal law also provides this Court with the authority to punish a defendant, by fine or imprisonment, for disobedience or resistance to an Order. *See* 18 U.S.C. § 401(3).

Because of NMT's willful and inexcusable failure to attend the judgment debtor examination, pursuant to the Order for Examination of Judgment Debtor, NMT should be held in contempt of Court. *See* ECF No. 39. NMT should further be required to compensate Plaintiff for the attorneys' fees it incurred for preparing and filing this Motion. Alternatively, IHA seeks an award of attorney's fees pursuant to §2.2(e) of the Agreement. Finally, NMT should be ordered to appear immediately for another judgment debtor examination and to produce all the documents Ordered.

### III. CONCLUSION

Based on the foregoing, IHA respectfully requests that this Court order a representative from NMT to appear immediately for a judgment debtor examination with all requested documents, hold NMT in contempt of court and order NMT to pay the attorney's fees IHA incurred in bringing this Motion.

…

…

…

…

…

…

…

IHA also requests NMT to be ordered to pay a monetary sanction in an amount sufficient to deter any further willful noncompliance.

Dated this 25th day of April, 2017.

LAW OFFICE OF HAYES & WELSH

/s/Larson A. Welsh
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
199 N. Arroyo Grande Blvd., Suite 200
Henderson, NV 89074
*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in this case.

/s/Larson A. Welsh
An Attorney for Petitioner