Ryan M. Lower, NV Bar No. 9108
MORRIS LAW GROUP
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Email: rml@morrislawgroup.com

Attorneys for Respondent
Noninvasive Medical Technologies, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| INOMEDIC/INNOVATIVE HEALTH APPLICATIONS, LLC, <br><br> Petitioner, <br><br> v. <br><br> NONINVASIVE MEDICAL TECHNOLOGIES, INC., <br><br> Respondent. | Case No. 2:14-cv-01035-RFB-VCF <br><br> **RESPONDENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER** |

Defendant Noninvasive Medical Technologies, Inc. ("NMT") hereby moves the Court for a protective order continuing the judgment debtor exam, which is currently scheduled for May 25, for 30 days because: (1) NMT's bookkeeper had to travel abroad for family emergency, and therefore, it has not been able to completely assemble the requested documents for the examination; and (2) continuing the examination will avoid the need for multiple exams as plaintiff Inomedic/Innovative Health Applications, LLC ("Inomedic") has indicated that it intends to continue the exam, requiring multiple sessions. This motion is based on Federal Rule of

Civil Procedure 26, Local Rules 7-4 and 26-7, the papers and pleadings on file herein, the following Points and Authorities, the attached exhibits, and the declarations of Ryan Lower and Ronald McCaughan.

### DECLARATION OF RYAN LOWER IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER

1.   I am an attorney at Morris Law Group and am one of the attorneys for NMT in this action. I have personal knowledge of the facts stated in this declaration, and I am competent to testify to them if called upon to do so.

2.   The parties previously stipulated to hold the judgment debtor examination on May 25, 2017.

3.   On May 23, NMT's counsel advised Inomedic's counsel that NMT's book keeper, Ms. Ho, had to travel to China to deal with sensitive family matters and that due to Ms. Ho's absence, NMT has been unable to assemble the documents requested for the judgment debtor exam. Moreover, because many of the requested documents contain proprietary and confidential information, NMT asked Inomedic to enter into a protective order before the exam. For these reasons, NMT repeatedly asked Inomedic to continue the judgment debtor exam so that the parties could avoid multiple exam sessions and so that a protective order could be entered before the exam. Inomedic agreed to enter into a protective order, but it refused to continue the exam.

4.   Despite the parties' sincere efforts to resolve this discovery dispute without the Court's intervention, the parties were unable to reach an agreement on continuing the exam. Accordingly, NMT was required to file this motion.

5.   Pursuant to LR 7-4, defendant's counsel's address and telephone number is 300 South Fourth Street, Suite 900, Las Vegas, NV

89101, 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.  Plaintiff's counsel's and telephone number is 199 N. Arroyo Grande Blvd., Suite 200, Henderson, NV 89704, 702-434-3444.

      6.     Today, I notified by plaintiff's counsel via email that NMT would be filing this emergency motion.

      7.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: May 24, 2017

_____
RYAN LOWER

## MEMORANDUM OF POINTS AND AUTHORITIES

By agreement of the parties, the judgment debtor exam was reset to May 25, 2017.  Regrettably, NMT's Bookkeeper/Account Manager has been abroad the past few weeks and unable to participate in the collection of the numerous documents requested for the creditor's exam. *See* Exhibit 1, Declaration of Ronald McCaughan.  Ms. Ho has been in her current position for the past 10 years.  *Id.*  She is the only person at NMT with her level of knowledge concerning the location of the records requested.  *Id.*  She has been responsible, almost solely, for all the DOD contracts, DCAA audits, account management responsibilities, payroll, taxes, employee issues, annual filings, and regulatory filings.  *Id.*

Ms. Ho was born and raised in China.  She had to return to China to address sensitive family matters.  *Id.*  She anticipates returning to work in the next few weeks.  *Id.*  NMT is committed to working with Ms. Ho, to the extent possible because of time difference, technology limitations and Ms. Ho's availability, to assemble the requested documents over the next few weeks if she is unable to return to the United States.

As the NMT is unable to provide a complete set of the requested documents for the scheduled creditor's exam, if this exam proceeds with incomplete documentation, Inomedic has already indicated that it will be continued until the remaining documents are provided. Of course, the parties will incur additional costs (the expense of which Inomedic will likely seek to add to its judgment) and unnecessarily waste time with a duplication of efforts. This creates an undue burden for NMT.

## I.   ARGUMENT

District courts enjoy extremely broad discretion in controlling discovery. *Leffler v. Meer*, 60 F.3d 369, 375 (7th Cir.1995) (internal citation omitted). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed R. Civ. P. 26(c). The rule reposes broad discretion in the district court to issue a variety of orders for the protection of the parties and witnesses in the discovery process. *Rodgers v. U.S. Steel Corp.*, 536 F.2d 1001, 1006 n. 12 (3rd Cir. 1976).

The Court should exercise its broad discretion to continue the judgment debtor exam so that NMT can assemble the requested documents and avoid the necessity of having multiple sessions of the exam. This short request complies with Rule 1's admonish that the Federal Rules be administered to secure the just speedy, and inexpensive determination of every action. Moreover, Inomedic will not be prejudiced by a continuance.

## II.   CONCLUSION

This Court should adjourn the pending creditor's exam for 30 days to (1) allow NMT's bookkeeper to return from a family emergency abroad and more completely assemble the requested documents; and (2) avoid the need for multiple exams as Petitioner Inomedic/IHA

Applications, LLC ("Inomedic") has indicated that it intends to continue the exam, requiring multiple sessions.

MORRIS LAW GROUP

By: _____
Ryan M. Lower, NV Bar No. 9108
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101

Attorneys for Respondent
Noninvasive Medical Technologies, Inc.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the **RESPONDENT'S EMERGENCY MOTION FOR PROTECTIVE ORDER** was served via electronic service:

TO:

Katherine Street Nucci
knucci@thompsoncoburn.com

Larson A. Welsh
Lwelsh@lvlaw.com

Zev Kaplan
zkaplan@klnevada.com

Attorneys for Petitioner
InoMedic/Innovative Health Applications LLC

DATED this 24th day of May, 2017.

By: /s/ Patty Cannon